# EXHIBIT B

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MYKE-A LITTLES,

    Plaintiff,

v.

                          Case No. 22-005464-CD

                          HON. John H. Gillis, Jr.

WAYNE COUNTY COMMUNITY COLLEGE DISTRICT,

    Defendant.

| Batey Law Firm, PLLC<br>SCOTT P. BATEY (P54711)<br>Attorneys for Plaintiff<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, MI 48025<br>Phone: (248) 540-6800<br>Fax: (248) 540-6814<br>sbatey@bateylaw.com | Sue Ellen Eisenberg & Associates, P.C.<br>Sue Ellen Eisenberg (P25530)<br>Kerry K. Cahill (P67671)<br>Attorneys for Defendant<br>33 Bloomfield Hills Parkway, Ste 145<br>Bloomfield Hills, MI 48304<br>Phone: (248) 258-5055<br>Fax: (248) 258-5055<br>see@seelawpc.com<br>kkcahill@seelawpc.com<br><br>Potter, DeAgostino, O'Dea & Clark<br>Steven M. Potter (P33344)<br>Robert C. Clark (P76359)<br>Trevor S. Potter (P84253)<br>Layla R. Sizemore (P85502)<br>2701 Cambridge Court, Ste 223<br>Auburn Hills, MI 48326<br>Phone: (248) 377-1700<br>Fax: (248) 377-0051<br>spotter@potterlaw.com<br>rclark@potterlaw.com<br>tpotter@potterlaw.com<br>lsizemore@potterlaw.com |
|---|---|

Document received by the MI Wayne 3rd Circuit Court.

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES, Plaintiff, Myke-a Littles (hereinafter "Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her First Amended Complaint against Defendants states as follows:

1. Plaintiff is a resident of the City of Detroit, County of Wayne, and State of Michigan.

2. Defendant, Wayne County Community College District (hereinafter "WCCCD") is a government entity duly authorized to operate as a public community college in the County of Wayne and State of Michigan, with a registered address of 801 West Fort Street, Detroit, MI 48826.

3. Defendant, Darrick Muhammad (hereinafter "Muhammad") is a citizen of the State of Michigan, and at all times pertinent, worked at Defendant, Wayne County Community College District in Wayne County, Michigan.

4. The events producing the original injury occurred in Wayne County, Michigan.

5. Venue is proper in this court pursuant to MCL § 600.1621.

6. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

7. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendants constituting harassment, discrimination and adverse

7

employment action which resulted in both economic and emotional damages to Plaintiff in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201, *et seq*. (ELCRA), and 42 USC § 1983.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Plaintiff belongs to protected class as a woman.

10. In or around October 2014, Plaintiff was hired as a Police Officer at the Wayne County Community College District (WCCCD) Police Authority.

11. At all times relevant, Plaintiff worked under WCCD Police Authority Chief Darrick Muhammad (hereinafter "Muhammad").

12. Throughout the course of Plaintiff's employment, Muhammad would request that Plaintiff come to his house located on campus.

13. On at least one occasion, Muhammad opened the door wearing an open bathrobe, an undershirt and his underwear.

14. Muhammad would regularly ask Plaintiff and other women to ignore their job duties, and complete his menial personal tasks, like picking up his dry-cleaning, his groceries, or his takeout orders.

8

Document received by the MI Wayne 3rd Circuit Court.

15. Muhammad only gave these menial personal tasks to female officers under his command, and did not demand male officers perform personal errands for him.

16. On multiple occasions, female employees who complained about his treatment of female officers were placed on midnight shift alone.

17. Plaintiff expressed concerns over these female officers' safety to her supervisor.

18. After these complaints, Plaintiff was demoted and transferred to the Ted Scott Campus.

19. Plaintiff met with Muhammad to discuss her concerns and was also promptly assigned the midnight shift, in retaliation for her complaint.

20. During midnight shifts, Muhammad endangered employees by opening the locked gates for various women he was inviting to his on campus home.

21. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

22. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

Document received by the MI Wayne 3rd Circuit Court.

## COUNT I
## SEX/GENDER DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, et seq.

23. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.210, *et seq.* (ELCRA), Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

25. Defendant, WCCCD was Plaintiff's employer within the meaning of ELCRA.

26. Plaintiff was subjected to discriminatory treatment and unwelcome conduct including repeated and continuous harassment and adverse employment action due to her sex.

27. Plaintiff was treated differently than similarly situated male employees by being given meaningless personal tasks and errands.

28. The ongoing and continuing unwelcome conduct was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

29. Plaintiff's gender/sex was a factor in Defendants decisions, actions, treatment, conduct and attitude towards Plaintiff.

10

Document received by the MI Wayne 3rd Circuit Court.

30. Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender/sex by Defendants, to the point where her status as an employee has been detrimentally affected by Defendants and Plaintiff has been subjected to work in a hostile work environment.

31. Defendant, Muhammad, discriminated against and harassed Plaintiff by assigning Plaintiff menial personal tasks while assigning similarly situated males, the normal duties for the sergeant and corporal positions.

32. Defendants created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's gender/sex by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in gender/sex discrimination in the workplace;

   b. Imposing discipline based on gender/sex;

   c. Taking adverse employment action against Plaintiff based upon her gender/sex;

   d. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her gender/sex.

33. Defendant, WCCCD owed Plaintiff a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her sex.

11

34. Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

35. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

36. Because of the unlawful conduct of Defendants, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $25,000.00, together with costs,

interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RETALIATION

37. Plaintiff incorporates by reference paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Plaintiff's complaints regarding Muhammad's sexual harassment to her supervisor imputed notice of the reported sexual harassment to WCCCD.

39. Plaintiff was subjected to severe and pervasive retaliatory harassment from supervisory personnel, including Muhammad, after she reported Muhammad's sexual harassment to her supervisor.

40. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, including but not limited to Muhammad, and Muhammad individually, took adverse employment action against Plaintiff after she reported Muhammad's sexual harassment to her supervisor.

41. Plaintiff's treatment and termination after she rebuffed and reported Muhammad's sexual harassment was retaliation for Plaintiff rebuffing the sexual advances and reporting allegations of sexual harassment, in violation of the Elliott-Larsen Civil Rights Act.

Document received by the MI Wayne 3rd Circuit Court.

42. As a direct and proximate result of Defendants actions, by and through its officers, executives, supervisory personnel, agents, and/or employees, the terms, conditions and privileges of Plaintiff's employment were adversely affected

43. Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1983

44. Plaintiff incorporates by reference paragraphs 1 through 43 of the Complaint as though fully set forth herein

45. The Equal Protection clause of the Fourteenth Amendment of the US Constitution protects individuals against discrimination on the basis of their sex.

46. Defendants, by and through their officers, executives, supervisory personnel, agents, and/or employees, violated Plaintiff's clearly established

14

Document received by the MI Wayne 3rd Circuit Court.

constitutional rights when they engaged in sexual and retaliatory harassment and discrimination against Plaintiff.

47. Defendants by and through their officers, executives, supervisory personnel, agents, and/or employees, acted under color of state law when they violated Plaintiff's clearly established constitutional rights when they engaged in sexual and retaliatory harassment and discrimination against Plaintiff.

48. Defendants by and through their officers, executives, supervisory personnel, agents, and/or employees, knew, or reasonably should have known, that WCCCD by and through its officers, executives, supervisory personnel, agents, and/or employees, had engaged in sexual and retaliatory harassment and discrimination against WCCCD employees prior to Plaintiff.

49. WCCCD is responsible for the violations of Plaintiff's constitutional rights because Muhammad's actions resulted from WCCCD's custom, pattern, practice, and/or policy of failing to adequately train, investigate, and/or discipline its officers, executives, supervisory personnel, agents, and/or employees, from engaging in sexual and retaliatory harassment and discrimination against employees in violation of the US Constitution, that amounted to deliberate indifference to the rights of its employees.

50. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, deprived Plaintiff of her clearly established

Document received by the MI Wayne 3rd Circuit Court.

constitutional right to bodily integrity provided by the Equal Protection Clause of the Fourteenth Amendment to the US Constitution.

51. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, including Muhammad, deprived Plaintiff of her clearly established rights under the US Constitution.

52. As a direct and proximate result of WCCCD's acts and omissions, Plaintiff suffered damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; consequential and other economic damages; mental anguish, physical and emotional distress; humiliation, outrage, and embarrassment; degradation, fright, and shock; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of choice, as well as other damages set forth in this Complaint.

53. In addition to compensation for the harms and losses outlined above, Plaintiff's also seek punitive damages to the extent permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Document received by the MI Wayne 3rd Circuit Court.

        Respectfully submitted,

        **BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, Michigan 48025
     (248) 540-6800-phone
     (248) 540-6814-fax
     sbatey@bateylaw.com

Dated: June 28, 2022

17

Document received by the MI Wayne 3rd Circuit Court.